# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Camille M. Wright,** | **Case No. 1:18cv1724** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge David A. Ruiz** |
| **Andrew Saul,** **Commissioner of Social Security**[1] | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Objections of Plaintiff Camille M. Wright ("Plaintiff" or "Wright") to the Report and Recommendation of Magistrate Judge David A. Ruiz regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. No. 16.) For the reasons that follow, Plaintiff's Objections are overruled, the Report & Recommendation ("R&R") is accepted, and the Commissioner's decision is affirmed.

**I.  Background**

In July 2015, Plaintiff filed her applications for DIB and SSI, alleging a disability onset date of July 7, 2015.[2] (Doc. No. 9 (Transcript ["Tr."]) at 15.) The applications were denied initially and

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] Plaintiff also protectively filed a Title II application for disabled widow's benefits in September 2015. (Tr. 15.)

upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.*) On July 21, 2017, the ALJ conducted a hearing at which Plaintiff was represented by counsel and testified. (*Id.*) A vocational expert ("VE") also testified. (*Id.*) On November 15, 2017, the ALJ found Plaintiff was not disabled. (Tr. 15-30.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation. The R & R concludes that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed. (Doc. No. 15.) Plaintiff filed Objections to the R & R, to which the Commissioner responded. (Doc. Nos. 16, 17.)

Plaintiff raises one objection to the R & R, i.e., that the Magistrate Judge erred in concluding she did not provide evidence of the circumstances when a cane is needed.[3] (Doc. No. 16.) The Court has conducted a *de novo* review of the issues raised in Plaintiff's Objections.

## II. Analysis

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court

---

[3] Plaintiff does not object to the Magistrate Judge's conclusion that the ALJ gave sufficiently good reasons for ascribing little weight to the opinion of treating psychiatrist Dr. Amin. (Doc. No. 15 at 18-24.) Accordingly, Plaintiff has waived review of this issue and the Court will not address it herein.

2

in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[4] 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence

---

[4] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**B.    Plaintiff's Objection to the R&R[5]**

Plaintiff's sole objection is that the Magistrate Judge improperly stated that Plaintiff did not provide evidence of the circumstances under which she would need to use a cane.[6] (Doc. No. 16.) To the contrary, Plaintiff maintains that, in her Brief on the Merits, she specifically cited to the December 17, 2015 treatment note of Dr. Mackey, which prescribed a cane "for ambulation." (*Id.* citing Tr. 482.) Plaintiff asserts that this issue is of vital importance in light of VE testimony that her

---

[5] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

[6] Specifically, the Magistrate Judge determined that there was "no reversible error with respect to the ALJ's decision to omit the need for a hand-held assistive device from the RFC." (Doc. No. 15 at 15-18.)

4

past work, all medium jobs, and 90% of all light jobs would be eliminated by the need for a cane. (*Id*. citing Tr. 75-76.)

The Commissioner argues the Magistrate Judge properly found that Dr. Mackel's treatment note was insufficient because it simply stated "cane for ambulation" and did not describe the specific circumstances for which it was needed, such as all the time, periodically, and/or for certain distances or terrains. (Doc. No. 17.) Citing numerous cases, the Commissioner argues Dr. Mackel's treatment note is insufficient to satisfy the requirements set forth in Social Security Ruling 96-9p. (*Id.* at 2.)

Social Security Ruling 96-9p addresses the issue of hand- held assistive devices, as follows:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *7 (S.S.A. July 2, 1996). "If a cane is not medically necessary, it cannot be considered a restriction or limitation on the plaintiff's ability to work, *Carreon v. Massanari*, 51 Fed. Appx. 571, 575 (6th Cir. 2002), and the administrative law judge is not required to reduce the claimant's RFC accordingly." *Lowe v. Comm'r of Soc. Sec*., 2016 WL 3397428 at * 6 (S.D. Ohio June 21, 2016) (citing *Casey v. Sec'y of Health Servs*., 987 F.2d 1230, 1235 (6th Cir. 1993)). "[S]ubjective complaints do not amount to medical documentation" establishing the need for a cane. *Grimes v. Berryhill*, 2018 WL 2305723 at * 5 (E.D. Tenn. April 19, 2018).

5

Here, Plaintiff asserts that the ALJ erred in failing to include the need for a cane in the RFC in light of Dr. Mackel's December 17, 2015 treatment note. At that visit, Plaintiff was recovering from right ankle surgery, which had been performed on July 21, 2015. (Tr. 416, 482.) Her gait was noted as "mildly antalgic, limping on the right side, and outtoeing, ambulating with assistance, ambulating without assistance." (Tr. 483.) Plaintiff was prescribed Tylenol-Codeine and Naprosyn, and Dr. Mackel's plan included "Cane for ambulation." (*Id.*)

Plaintiff argues that Dr. Mackel's notation that she needed a cane "for ambulation" is sufficient to satisfy the requirements of SSR 96-9p because it describes "the circumstances for which [the cane] is needed," i.e., walking. The Court disagrees. As set forth above, for a cane to be considered "medically required," SSR 96-9p requires that there be medical documentation that "describes the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185 at * 7. Dr. Mackel's notation that Plaintiff needs a cane "for ambulation" does not satisfy this requirement. Indeed, by its very nature, one of the primary purposes of a cane is for ambulation. For a cane to be "medically required," however, SSR 96-9p requires that medical documentation provide further information about the extent and nature of a claimant's need for a cane, such as how often the prescribing physician feels a claimant needs to use it and/or under what particular circumstances it is required. Dr. Mackel's treatment note fails to satisfy this requirement.

Faced with similar circumstances, courts have upheld ALJ decisions that did not include the need for a cane in a claimant's RFC. *See e.g., Golden v. Berryhill*, 2018 WL 7079506 at * 19 (N.D. Ohio Dec. 12, 2018) ("Moreover, as Dr. Balaji's confirmation of a cane prescription does not indicate 'the circumstances for which [the cane] is needed,' it does not fulfil the requirements under SSR 96-

9p."); *Krieger v. Comm'r of Soc. Sec.*, 2019 WL 1146356 at * 6 (S.D. Ohio March 13, 2019) (finding ALJ did not err in not including a limitation for a cane where physician indicated claimant would need a cane but did not describe the specific circumstances for which a cane is needed as required by SSR 96-9p); *Salem v. Colvin*, 2015 WL 12732456 *4 (E.D. Mich. Aug. 3, 2015) (finding the ALJ did not err in not including a limitation for a cane, when it had been prescribed, but the prescription did not "indicate the circumstances in which [the claimant] might require the use of a cane."); *Marko v. Comm'r of Soc. Sec.*, 2017 WL 3116246 at *5 (E.D. Mich. July 21, 2017) (rejecting claimant's assertion that the ALJ failed to account for her use of a cane, stating that nothing in the physician's "mere prescription for a cane provides evidence to indicate the frequency with which the cane should be used, its purpose, or its limit upon Plaintiff's ability to perform light work" (citations omitted)).

Accordingly, and for all the reasons set forth above, Plaintiff's Objection is overruled.

## III. Conclusion

For all of the foregoing reasons, Plaintiff's Objection is overruled. The Court accepts the Magistrate Judge's Report and Recommendation, and the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Date: August 8, 2019

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE